Case No. 276.

The AMELIA.

[18 Leg. Int. 357; 4 Phila. 412.]

District Court, E. D. Pennsylvania. July 1, 1861.

PRIZE—DISPOSITION OF CAPTIVES—NAVAL AND JUDICIAL COGNIZANCE.

[A prize master reported to the court that he had delivered the prize to the marshal of the district, and had permitted the persons found on board to go ashore, for their greater comfort, they "remaining willingly subject to the orders of the judge of this court." Held, that such persons were not subject to the order of the court, but were in custody of the naval captors, and that their detention or discharge was purely a matter of naval, and not judicial, cognizance.]

In admiralty. The following proceeding was had in the case of the Amelia:

Eastern District of Penn'a.
In the U. S. District Court.

To the Hon. John Cadwalader,
Judge of said Court:

The undersigned begs leave to report, that about one o'clock, P. M. of Saturday, 29th June, 1861, he gave the possession of the ship Amelia, of which he has been prize master, to the marshal of this district, and has since that time aided him in the custody and safe keeping of the said ship and her cargo; and that he has allowed all the persons sent with him on the ship to this port, viz., the captain, his wife, the cook and his wife and daughter, to go ashore, for their greater comfort, there being no conveniences for them on board the vessel; and each and all of them remaining willingly, subject to the orders of the judge of this court.

(Signed)
Acting Master, John W. Bentley,
U. S. Navy, and Prize Master of
Ship Amelia.

Phila., 1st July, 1861.

BY THE COURT. The prize master is mistaken in supposing that the persons mentioned in the above statement are subject to the order of the court. On the contrary, they are in custody of the naval captors, unless they have been duly discharged. The court cannot interfere to direct their discharge. But if the commissioner of the court and the prize master concur in opinion that there is no reason for their longer detention, the court cannot perceive that their discharge would be censurable. This, however, is a matter for naval, and not for judicial regulation. The prize master, stating that his duties may require him to leave Philadelphia, the court add, that so soon as the persons in his custody shall have been discharged, or their custody otherwise regulated by the proper naval authority, the court perceive no necessity for his remaining here longer. But so far as naval duties may be concerned, the prize master will, in this respect, judge for himself what should be his course of conduct.